IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
COVINGTON DIVISION

**MICHAEL MONTANA and KENNETH HENDRIX,**  **PLAINTIFFS**
Each Individually and on Behalf of
All Others Similarly Situated

vs.                                                            No. 2:22-cv-____

**PRYSMIAN CABLES AND SYSTEMS USA, LLC**                       **DEFENDANT**

## ORIGINAL COMPLAINT—COLLECTIVE ACTION

Plaintiffs Michael Montana and Kenneth Hendrix (collectively "Plaintiffs"), each individually and on behalf of all others similarly situated, by and through undersigned counsel, for their Original Complaint—Collective Action ("Complaint") against Defendant Prysmian Cables and Systems USA, LLC ("Defendant"), state and allege as follows:

### I.   PRELIMINARY STATEMENTS

1. This is a collective action brought by Plaintiffs, each individually and on behalf of all others similarly situated, against Defendant for violations of the overtime provisions of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*. ("FLSA").

2. Plaintiffs seek a declaratory judgment, monetary and liquidated damages, prejudgment interest, and a reasonable attorney's fee and costs as a result of Defendant's policy and practice of failing to pay lawful overtime compensation under the FLSA.

3. Upon information and belief, for at least three years prior to the filing of this Complaint, Defendant has willfully and intentionally committed violations of the FLSA as described, *infra*.

## II. JURISDICTION AND VENUE

4. The United States District Court for the Eastern District of Kentucky has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

5. Defendant is headquartered in Highland Heights, Kentucky; therefore, venue is proper within this District pursuant to 28 U.S.C. § 1391.

6. Defendant does business in this District and a substantial part of the events alleged herein occurred in this District.

7. On information and belief, the payroll records and other documents related to the payroll practices that Plaintiffs challenge are located in this District.

## III. THE PARTIES

8. Plaintiff Montana is an individual and resident of Clay County, Arkansas.

9. Plaintiff Hendrix is an individual and resident of Greene County, Arkansas.

10. Defendant is a Delaware limited liability company.

11. Defendant's headquarters is located at 4 Tesseneer Drive, Highland Heights, Kentucky 41076.

12. Defendant's registered agent for service of process is CT Corporation System at 306 W. Main Street, Suite 512 Frankfort, Kentucky 40601.

## IV. FACTUAL ALLEGATIONS

13. Until approximately 2018, Plaintiffs were employed by General Cable Industries, Inc. ("General Cable").

14. Upon information and belief, Defendant acquired General Cable during 2018. Defendant is liable both as Plaintiffs' direct employer following its purchase of General Cable and under the doctrine of successor liability.

15. Defendant maintained continuity of business being provided by General Cable, taking over and offering similar or identical services from the same facilities.

16. Defendant likely had knowledge of the violations alleged in this lawsuit at the time it took over the business, as the nature of the allegations (rounding hours worked in favor of Defendant and failing to include nondiscretionary bonuses when calculating overtime pay) is obvious in nature and could not be accomplished without ownership's knowledge and approval.

17. Because of the continuation of business between Defendant and General Cable, Defendant has effectively operated as one employer as it relates to Plaintiffs and the proposed collective.

18. Defendant employs two or more individuals who engage in interstate commerce or business transactions, or who produce goods to be transported or sold in interstate commerce, or who handle, sell, or otherwise work with goods or materials that have been moved in or produced for interstate commerce, such as cables, wires, optical fibers, and other connectivity systems.

19. Defendant is a producer and supplier of various types of cables, wires, optical fibers, and other connectivity systems.

20. Defendant operates multiple manufacturing facilities worldwide, including a facility in Arkansas, and has its corporate headquarters located in Kentucky that

centralizes all pay, time and human resource policies so that they are the same across its facilities in North America.

21. Defendant employs two or more individuals who engage in interstate commerce or business transactions, or who produce goods to be transported or sold in interstate commerce, or who handle, sell, or otherwise work with goods or materials that have been moved in or produced for interstate commerce, such as cables, wires, optical fibers, and other connectivity systems.

22. Defendant's annual gross volume of sales made or business done is not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated) in each of the three years preceding the filing of the Complaint.

23. Defendant is an employer within the meaning of the FLSA and has been, at all times relevant herein, Plaintiffs' employer.

24. At all times material herein, Plaintiffs have been entitled to the rights, protections, and benefits provided under the FLSA.

25. Defendant employed Plaintiffs within the three years preceding the filing of this lawsuit.

26. Defendant employed Plaintiff Montana as an Extrusion Operator from approximately February of 2017 until October of 2022.

27. During the time period relevant to this case, Plaintiff Montana was employed at Defendant's manufacturing facility in Paragould, Arkansas.

28. Defendant employed Plaintiff Hendrix as a Machine Operator from approximately February of 1990 until February 2010 and then as a Quality Lab Technician from approximately February 2010 until the present.

29. During the time period relevant to this case, Plaintiff Hendrix was employed at Defendant's manufacturing facility in Paragould, Arkansas.

30. Defendant classified Plaintiffs as nonexempt from the overtime requirements of the FLSA and paid them an hourly wage.

31. Defendant employed other hourly employees to perform the work necessary for its business, classified them as nonexempt from the overtime requirements of the FLSA, and paid them an hourly wage (hereinafter "Hourly Employees")

32. In addition to their hourly wage, Plaintiffs received bonus compensation pursuant to a written plan or a clear policy and/or practice ("incentive bonuses").

33. Within the three years preceding the filing of this lawsuit, Defendant also employed other Hourly Employees who earned incentive bonuses.

34. The incentive bonuses were based on objective and measurable criteria.

35. Plaintiffs and other Hourly Employees expected to receive the incentive bonuses and did in fact receive the bonuses on a regular basis.

36. The incentive bonuses constituted nondiscretionary bonuses paid to Plaintiffs and other Hourly Employees.

37. While employed by Defendant, Plaintiffs regularly worked over forty hours in a week.

38. Upon information and belief, other Hourly Employees also regularly or occasionally worked over forty hours in a week during their employment with Defendant.

39. Defendant paid Plaintiffs and other Hourly Employees 1.5x their base hourly rate for the hours recorded over 40 hours in a week.

40. Defendant also failed to include the incentive bonuses in Plaintiffs' and other Hourly Employees' regular rate when calculating their overtime pay.

41. 29 C.F.R. § 778.208 requires that all forms of compensation, such as production or attendance-based incentives, "must be totaled in with other earnings to determine the regular rate on which overtime pay must be based."

42. Defendant violated the FLSA by not including the non-discretionary bonuses of Plaintiffs and other Hourly Employees in their regular rate when calculating their overtime rate.

43. Plaintiffs and other Hourly Employees tracked their time via Defendant's electronic timekeeping system.

44. The payroll system used by Defendant rounded hours worked by Plaintiffs and other Hourly Employees in favor of Defendant.

45. Specifically, if Plaintiffs or other Hourly Employees clocked in fifteen minutes or fewer before their scheduled shift, their time was rounded to the start of their scheduled shift. Likewise, if Plaintiffs or other Hourly Employees clocked out fifteen minutes or fewer after their scheduled shift, their time was rounded to the end of their scheduled shift.

46. The rounding in Defendant's time keeping system resulted in hours of unpaid work each month for Plaintiffs and other Hourly Employees.

47. When calculating Plaintiffs' and other Hourly Employees' overtime pay, Defendant did not include the unpaid time that was rounded out by Defendant's payroll system.

48. Because Plaintiffs and other Hourly Employees regularly worked over forty hours in a week, the hours which went uncompensated due to Defendant's rounding practices created additional overtime violations.

49. In addition to their hourly wage, Plaintiffs and other Hourly Employees were also paid shift differentials when certain objective and measurable criteria were met.

50. Plaintiffs and other Hourly Employees expected to receive the shift differentials when they met the set criteria, and they did in fact receive the shift differentials on a regular basis.

51. Defendant did not include the shift differentials paid to Plaintiffs and other Hourly Employees in their regular rates of pay when calculating their overtime pay.

52. Plaintiffs worked for Defendant at its facility in Paragould, Arkansas, and Defendant's pay practices were the same for all Hourly Employees at the Paragould facility.

53. The pay practices that violate the FLSA alleged herein was a centralized human resources policy implemented uniformly from Defendant's corporate headquarters.

54. Because of the volume of work required to perform their jobs, Plaintiffs and other hourly employees consistently worked in excess of forty hours per week.

55. Defendant knew or should have known that Plaintiffs and other Hourly Employees worked hours over forty in at least some weeks.

56. At all relevant times, Defendant knew or should have known that the FLSA applied to the operation of Defendant's business.

57. The net effect of Defendant's practices and policies regarding Plaintiffs' hours worked and pay, as described above, is that Defendant intentionally rounded Plaintiffs' hours worked in Defendant's favor and avoided including the incentive bonuses and shift differentials paid to Plaintiffs in their regular rate of pay in order to avoid paying proper overtime premiums for all hours worked over forty each week.

58. Defendant made no reasonable efforts to ascertain and comply with applicable law.

59. Defendant knew or showed reckless disregard for whether the way it paid and failed to pay Plaintiffs and other Hourly Employees violated the FLSA.

## V. REPRESENTATIVE ACTION ALLEGATIONS

60. Plaintiffs bring this claim for relief for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of all persons similarly situated who were, are, or will be employed by Defendant within the applicable statute of limitations period, who are entitled to payment of the following types of damages:

    A. Regular wages and overtime premiums for all hours worked over 40 hours in any week;

    B. Liquidated damages; and

    C. Attorney's fees and costs.

61. Plaintiffs propose the following collective under the FLSA:

> **All Hourly Employees within the last three years**
> **Who were paid for at least 39 hours in any week.**

62. In conformity with the requirements of FLSA Section 16(b), Plaintiffs have filed or will soon file a written Consent to Join this lawsuit.

63. The members of the proposed FLSA collective are similarly situated in that they share these traits:

A. They were classified by Defendant as nonexempt from the overtime requirements of the FLSA;

B. They were paid hourly;

C. They recorded their time in the same manner;

D. They were eligible for and received nondiscretionary bonuses;

E. They received shift differentials in addition to their regular hourly rate;

F. They were subject to Defendant's common policy of rounding time worked in Defendant's favor;

G. They worked hours over forty in at least one week within the past three years; and

H. They were subject to Defendant's common policy of failing to pay a proper overtime rate for hours worked over forty in a week.

64. Plaintiffs are unable to state the exact number of the collective but believes that the collective exceeds 25 persons.

65. Defendant can readily identify the members of the collective, who are a certain portion of the current and former employees of Defendant.

66. The names and physical and mailing addresses of the probable FLSA collective action plaintiffs are available from Defendant.

67. The email addresses of many of the probable FLSA collective action plaintiffs are available from Defendant.

## VI.   FIRST CLAIM FOR RELIEF
### (Individual Claims for Violation of the FLSA)

68. Plaintiffs assert this claim for damages and declaratory relief pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

69. At all relevant times, Defendant has been, and continues to be, an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203.

70. 29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay a minimum wage for all hours worked up to 40 each week and to pay 1.5x regular wages for all hours worked over 40, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying DOL regulations.

71. Defendant classified Plaintiffs as nonexempt from the overtime requirements of the FLSA.

72. Despite the entitlement of Plaintiffs to minimum wages and overtime payments under the FLSA, Defendant failed to pay Plaintiffs an overtime rate of 1.5x their regular rate of pay for all hours worked over 40 hours in a week.

73. Defendant illegally rounded hours worked by Plaintiffs in Defendant's favor and failed to pay Plaintiffs for all hours worked.

74. Defendant violated 29 C.F.R. § 778.208 by not including non-discretionary bonuses paid to Plaintiffs in their regular rate when calculating their overtime pay.

75. Defendant knew or should have known that its actions violated the FLSA.

76. Defendant's conduct and practices, as described above, were willful.

77. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiffs for monetary damages, liquidated damages and costs, including reasonable attorney's fees provided by the FLSA for all violations which occurred beginning at least

three years preceding the filing of Plaintiffs' initial complaint, plus periods of equitable tolling.

78. Defendant has not acted in good faith nor with reasonable grounds to believe its actions and omissions were not a violation of the FLSA, and, as a result thereof, Plaintiff is entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime premium pay described above pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

79. Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiffs as provided by the FLSA, Plaintiffs are entitled to an award of prejudgment interest at the applicable legal rate.

## VII. SECOND CLAIM FOR RELIEF
(Collective Action Claims for Violation of the FLSA)

80. Plaintiffs assert this claim for damages and declaratory relief on behalf of all similarly situated employees pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

81. At all relevant times, Defendant has been, and continues to be, an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203.

82. 29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay all employees a minimum wage for all hours worked up to 40 each week and to pay 1.5x regular wages for all hours worked over 40 in a week, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and accompanying DOL regulations.

83. Defendant classified Plaintiffs and other similarly situated employees as nonexempt from the provisions of the FLSA.

84. Defendant failed to pay Plaintiffs and similarly situated employees 1.5x their regular rate for all hours worked over 40 per week.

85. Defendant failed to pay Plaintiffs and similarly situated employees for all hours worked.

86. Defendant deprived Plaintiffs and similarly situated employees of compensation for all of the hours worked over forty per week, in violation of the FLSA.

87. Defendant knew or should have known that its actions violated the FLSA.

88. Defendant's conduct and practices, as described above, were willful.

89. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiffs and all similarly situated employees for monetary damages, liquidated damages and costs, including reasonable attorney's fees provided by the FLSA for all violations which occurred beginning at least three years preceding the filing of Plaintiffs' initial complaint, plus periods of equitable tolling.

90. Defendant has not acted in good faith nor with reasonable grounds to believe its actions and omissions were not a violation of the FLSA, and, as a result thereof, Plaintiffs and similarly situated employees are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime premium pay described above pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

91. Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiffs and the collective members as provided by the FLSA, Plaintiffs and the collective members are entitled to an award of prejudgment interest at the applicable legal rate.

## VIII.   PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiffs Michael Montana and Kenneth Hendrix, each individually and on behalf of all others similarly situated, respectfully pray

that Defendant be summoned to appear and to answer this Complaint and for declaratory relief and damages as follows:

  A. Declaratory judgment that Defendant's practices alleged in this Complaint violate the FLSA and its attendant regulations;

  B. Certification of a collective under Section 216 of the FLSA of all individuals similarly situated, as further defined in any motion for the same;

  C. Judgment for damages suffered by Plaintiffs and others similarly situated for all unpaid wages under the FLSA and its attendant regulations;

  D. Judgment for liquidated damages owed to Plaintiffs and all others similarly situated pursuant to the FLSA and its attendant regulations;

  E. An order directing Defendant to pay Plaintiffs and all others similarly situated interest, a reasonable attorney's fee and all costs connected with this action; and

  F. Such other and further relief as this Court may deem just and proper.

Respectfully submitted,

**MICHAEL MONTANA and KENNETH HENDRIX, Each Individually and on Behalf of All Others Similarly Situated, PLAINTIFFS**

CRAIG HENRY PLC
401 West Main Street, Suite 1900
Louisville, Kentucky 40202
Telephone: (502) 614-5962

*/s/ Michele Henry*
Michele Henry
Ky. Bar No. 89199
mhenry@craighenrylaw.com

SANFORD LAW FIRM, PLLC
Kirkpatrick Plaza
10800 Financial Centre Pkwy, Suite 510
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040

*/s/ Krista Sheets*
Krista Sheets
Wash. Bar No. 40100
krista@sanfordlawfirm.com
*PHV Motion to be Filed*