IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
COVINGTON DIVISION

**MICHAEL MONTANA and KENNETH HENDRIX,**            **PLAINTIFFS**
**Each Individually and on Behalf of**
**All Others Similarly Situated**

vs.                     No. 2:22-cv-143-DLB-EBA

**PRYSMIAN CABLES AND SYSTEMS USA, LLC**            **DEFENDANT**

<u>**DECLARATION OF MICHAEL MONTANA**</u>

I, Michael Montana, do hereby swear, affirm and attest as follows, based upon my personal knowledge of the matters contained herein:

1.      My name is Michael Montana, and I am over the age of eighteen and duly qualified to execute this declaration.

2.      I am a resident and domiciliary of Arkansas.

3.      Until approximately 2018, I was employed by General Cable Industries, Inc.

4.      Defendant Prysmian Cables and Systems USA, LLC, acquired General Cable during 2018 and maintained continuity of the business being provided by General Cable.

5.      Defendant is a producer and supplier of various types of cables, wires, optical fibers and other connectivity systems.

6.      Defendant operates multiple manufacturing facilities worldwide, including a facility in Arkansas.

7.      I was employed by Defendant to work as an Extrusion Operator from approximately February of 2017 until October of 2022.

8.      I worked at Defendant's manufacturing facility in Paragould, Arkansas.

9.      Defendant also employed other Hourly Employees, and I am personally familiar with the conditions under which other Hourly Employees worked because I worked alongside and communicated with other Hourly Employees.

10.     In addition to my hourly wage, I received incentive bonuses.

11.     Other Hourly Employees also earned incentive bonuses. I know this because I discussed incentive bonuses with other Hourly Employees.

12.     We expected to receive the incentive bonuses and did in fact receive the bonuses on a regular basis.

13.     I regularly worked over forty hours in a week.

14.     Other Hourly Employees also regularly or occasionally worked over forty hours in a week. I spoke with other Hourly Employees about their schedule and work hours and observed them at work.

15.     Defendant paid me 1.5x my base hourly rate for the hours I worked over 40 hours in a week.

16.     Defendant failed to include the incentive bonuses in my regular rate when calculating my overtime pay.

17.     Other Hourly Employees were also paid incorrectly by the Defendant. I know this because I spoke with other Hourly Employees about their hours and pay.

18.     I tracked my time via Defendant's electronic timekeeping system.

19.     The payroll system used by Defendant rounded the hours that I worked—with the rounding always in favor of Defendant.

20.     Specifically, if I clocked in fifteen minutes or fewer before my scheduled shift, my time was rounded to the start of my scheduled shift. Likewise, if I clocked out fifteen minutes or fewer after my scheduled shift, my time was rounded to the end of my scheduled shift.

21.     This rounding in Defendant's time keeping system resulted in hours of unpaid work each month.

22.     This rounding in Defendant's time keeping system also happened to other Hourly Employees and I know this because I spoke with other Hourly Employees about the rounding issues.

23.     And when calculating our overtime pay, Defendant did not include the unpaid time that was rounded out by Defendant's payroll system in our regular rate when calculating our overtime pay.

24.     I was also paid shift differentials when certain objective and measurable criteria were met.

25.     Other Hourly Employees were also paid shift differentials. I discussed the shift differentials with other Hourly Employees.

26.     We expected to receive the shift differentials when we met the criteria, and did in fact receive the shift differentials on a regular basis.

27.     Defendant did not include the shift differentials in our regular rate of pay when calculating our overtime pay.

28.     Based on the number of Hourly Employees who worked with me, I estimate that there are at least 25 individuals who worked as Hourly Employees for Defendant since November 22, 2019, although I do not know the exact number of the employees.

29.     Other Hourly Employees for Defendant expressed to me their dissatisfaction with the way that Defendant's policies resulted in work for which we were improperly compensated.

30.     Based on my experience and the knowledge I have regarding the job duties and pay, I believe that there are other Hourly Employees, such as Jessie Whitledge, who would want to join this lawsuit if they were made aware of the opportunity.

**PURSUANT TO 28 U.S.C. § 1746, I VERIFY UNDER PENALTY OF PERJURY UNDER THE LAWS OF THE UNITED STATES OF AMERICA THAT THE FOREGOING IS TRUE AND CORRECT.**

Executed on this 7th day of July 2023.

_____
**MICHAEL MONTANA**