IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
COVINGTON DIVISION

**MICHAEL MONTANA and KENNETH HENDRIX,**  **PLAINTIFFS**
Each Individually and on Behalf of
All Others Similarly Situated

vs.                          No. 2:22-cv-143-DLB-EBA

**PRYSMIAN CABLES AND SYSTEMS USA, LLC**                **DEFENDANT**

**PROPOSED ORDER GRANTING PLAINTIFFS'
MOTION FOR COLLECTIVE ACTION CERTIFICATION**

In the Original Complaint—Collective Action (ECF No. 1), Plaintiffs allege that Prysmian Cables and Systems USA, LLC ("Defendant"), has a uniform policy and practice of improperly paying their hourly-paid employees in violation of the Fair Labors Standards Act ("FLSA"), including not paying them proper overtime wage. 29 U.S.C. § 216 permits an employee to bring an action against an employer "[on] behalf of himself . . . and other employees similarly situated." Unlike a Rule 23 class action, in which plaintiffs "opt out" of the class, a § 216 plaintiff must "opt in" to become part of the class. *See* Fed. R. Civ. P. 23; *Woods v. New York Life Ins. Co.*, 686 F.2d 578, 579–80 (7th Cir. 1982).

FLSA plaintiffs may sue an employer on their own behalf and on behalf of similarly situated employees who "opt-in" by filing a written consent to be a party in the court where the action is brought. 29 U.S.C. § 216(b); *Comer v. Wal-Mart Stores, Inc.*, 454 F.3d 544, 546 (6th Cir. 2006). Collective action certification consists of two stages: the notice stage and the decertification stage. *Comer*, 454 F.3d at 546. Previously, at

the notice stage, a court would determine whether the named plaintiff had established a "colorable basis" for the named plaintiff's assertion that other potential plaintiffs are similarly situated to the named plaintiff. *Comer*, 454 F.3d at 546. This was characterized as a "fairly lenient" requirement in which the plaintiff must make only "a modest factual showing" that the named and potential plaintiffs are similarly situated. *Comer*, 454 F.3d at 547.

A plaintiff may demonstrate he or she is similarly situated to potential plaintiffs by showing she and the potential plaintiffs "suffer from a single, FLSA-violating policy, and [that] proof of that policy or of conduct in conformity with that policy proves a violation as to all the plaintiffs." *O'Brien v. Ed Donnelly Enters. Inc.,* 575 F.3d 567, 585 (6th Cir. 2009).

Recently, the Sixth Circuit announced that courts should apply a "strong likelihood" standard at the notice stage. *Clark v. A&L Homecare & Training Ctr., LLC*, 68 F.4th 1003, 1011 (6th Cir. 2023). In *Clark*, the Sixth Circuit held that, for a district court to facilitate notice of an FLSA suit to other employees, the plaintiffs must show a "strong likelihood" that those employees are similarly situated to the plaintiffs themselves. . . . That standard requires a showing greater than the one necessary to create a genuine issue of fact, but less than the one necessary to show a preponderance. *Id.*

Here, the Court has reviewed Plaintiffs' pleadings, declaration, and renewed motion for collective action certification, to which Defendant has responded. Plaintiffs seek certification of a collective as follows:

**All Hourly Employees since November 22, 2019.**

The Court finds that Plaintiffs' allegations as stated in the Original Complaint–Collective Action and Plaintiffs' Renewed Motion for Collective Action Certification with attached declarations show a 'strong likelihood' that Plaintiffs are similarly situated to the potential plaintiffs and are sufficient to allow certification of the case as a collective action. Therefore, the Court GRANTS Plaintiffs' Renewed Motion for Collective Action Certification.

Further, the Court ORDERS Defendant to provide Plaintiffs with a list (in an electronic format) of the names, last known physical addresses and email addresses of all current or former employees in the class listed above within one (1) week of the date of this Order. Upon receipt of the list by Plaintiffs, Plaintiffs shall send to potential class members the Court-approved notice of this action with a date-specific deadline for opting-in that is ninety (90) days from the date of the mailing of the notices by email and regular mail. Defendant is also ORDERED to provide dates of birth and partial social security numbers for any class members whose U.S.P.S.-mailed Notice is returned as undeliverable to assist in locating the correct address for those members so that they receive notice.

Plaintiffs' counsel is ORDERED to send an email message that contains the Court-approved message and a link to a website containing electronic copies of the court-approved Notice and Consent to Join forms that can be paperlessly signed by interested class members and electronically returned to Plaintiffs' counsel in the form and with the accompanying language as proposed by Plaintiffs in their Renewed Motion for Collective Action Certification, for Approval and Distribution of Judicially Supervised Notice, and for Disclosure of Contact Information.

Plaintiffs' counsel is ORDERED to send a follow-up Postcard via regular U.S. Mail and an e-mail that contains the Court-approved message to any class members who have not responded thirty (30) days after the mailing of the initial court-approved notice.

SIGNED this ____ day of _____, 2023.

_____
**HON. _____**
**UNITED STATES _____ JUDGE**