IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
COVINGTON DIVISION

**MICHAEL MONTANA and KENNETH HENDRIX,**                **PLAINTIFFS**
**Each Individually and on Behalf of**
**All Others Similarly Situated**


vs.                            No. 2:22-cv-143-DLB-EBA


**PRYSMIAN CABLES AND SYSTEMS USA, LLC**                **DEFENDANT**


## BRIEF IN SUPPORT OF PLAINTIFFS' RENEWED MOTION FOR COLLECTIVE ACTION CERTIFICATION, FOR APPROVAL AND DISTRIBUTION OF JUDICIALLY SUPERVISED NOTICE, AND FOR DISCLOSURE OF CONTACT INFORMATION

### I.    INTRODUCTION

Plaintiffs Michael Montana and Kenneth Hendrix (collectively "Plaintiffs"), individually and on behalf of all others similarly situated, have alleged that Prysmian Cables and Systems USA, LLC ("Defendant") has a uniform policy and practice of improperly paying their hourly-paid employees in violation of the Fair Labor Standards Act 29 U.S.C. § 201, et seq. ("FLSA"), including not paying them proper overtime wages. Plaintiffs can show a 'strong likelihood' that the proposed potential plaintiff employees are similarly situated and as such, Plaintiffs' request seeking approval and distribution of a notice to potential plaintiffs, and for disclosure of contact information for such purposes should be granted. Because the clock is running against all potential opt-ins, Plaintiffs request expedited review of their Motion as described below.

Page 1 of 21
Michael Montana, et al. v. Prysmian Cables and Systems USA, LLC
U.S.D.C. (E.D. Ky.) No. 2:22-cv-143-DLB-EBA
Brief in Support of Renewed Motion for Conditional Certification, etc.

## II.   ARGUMENT

A.   **Legal Standard Post *Clark, et al. v. A&L Homecare and Training Center, LLC, et al.***

Plaintiffs in FLSA cases may sue an employer on their own behalf and on behalf of similarly situated employees who "opt-in" by filing a written consent to be a party in the court where the action is brought. 29 U.S.C. § 216(b); *Comer v. Wal-Mart Stores, Inc.*, 454 F.3d 544, 546 (6th Cir. 2006). Courts have the discretion to certify a collective and issue orders authorizing notice to potential members of the collective of the opportunity to "opt in" to a collective action. *Hoffmann-La Roche, Inc. v. Sperling*, 493 U.S. 165, 169 (1989). The key issue presented to the court exercising such discretion is whether the persons to whom notice would go are "similarly situated" to the named plaintiff.  29 U.S.C. § 216(b); *O'Brien*, 575 F.3d 567, 583 (6th Cir. 2009); *Thiessen v. General Electric Capital Corp.*, 267 F.3d 1095 (10th Cir. 2001); 29 U.S.C. § 216(b). Collective action certification consists of two stages: the notice stage and the decertification stage. *Comer*, 454 F.3d at 546. Previously, at the notice stage, a court would determine whether the named plaintiff had established a "colorable basis" for the named plaintiff's assertion that other potential plaintiffs are similarly situated to the named plaintiff. *Comer*, 454 F.3d at 546. This was characterized as a "fairly lenient" requirement in which the plaintiff must make only "a modest factual showing" that the named and potential plaintiffs are similarly situated. *Comer*, 454 F.3d at 547. A plaintiff may demonstrate he or she is similarly situated to potential plaintiffs by showing she and the potential plaintiffs "suffer from a single, FLSA-violating policy, and [that] proof of that policy or of conduct in conformity with that policy proves a violation as to all the plaintiffs." *O'Brien,* 575 F.3d at 585.

**Page 2 of 21**
**Michael Montana, et al. v. Prysmian Cables and Systems USA, LLC**
**U.S.D.C. (E.D. Ky.) No. 2:22-cv-143-DLB-EBA**
**Brief in Support of Renewed Motion for Conditional Certification, etc.**

Recently, the Sixth Circuit announced that courts should apply a "strong likelihood" standard at the notice stage. *Clark, et al. v. A&L Homecare and Training Ctr, et al.*, 2023 U.S. App. LEXIS 12365 (6th Cir. 2023). However, the *Clark* decision did not change the legal standard regarding the meaning of "similarly situated" employees. While the *Clark* court rejected the *Lusardi* lenient, two-step process, it did not change the Sixth Circuit law regarding what it means to be "similarly situated." Employees are still "similarly situated" if they "'suffer from a single, FLSA-violating policy' or whose 'claims [are] unified by common theories of defendants' statutory violations, even if the proofs of these theories are inevitably individualized." *Monroe v. FTS USA, LLC*, 860 F.3d 389, 397 (6th Cir. 2017) (quoting *O'Brien v. Ed Donnelly Enters.*, 575 F.3d 567, 584-85 (6th Cir. 2009)); *see also Clark* at *9-10 ("Whether other employees are similarly situated for the purpose of joining an FLSA suit typically depends on whether they performed the same tasks and were subject to the same policies—as to both timekeeping and compensation—as the original plaintiffs were."). Instead, the Sixth Circuit in *Clark* gave guidance to the district courts as to how it should review motions for court-supervised notice pursuant to 29 U.S.C. § 216(b).[1]

The Sixth Circuit only altered the framework of how courts are to review potential collective actions pursuant to 29 U.S.C. § 216(b).  Instead, *Clark* endorsed borrowing the standard from preliminary injunction cases that requires the plaintiff to show a "'strong

---

[1] The plaintiffs in *Clark* asked the Sixth Circuit to formally adopt the two-step, lenient standard for "conditional certification" to send notice pursuant to 29 U.S.C. § 216(b) that was first adopted by *Lusardi v. Xerox Corp.*, 118 F.R.D. 351 (D.N.J. 1987). Although the Sixth Circuit to date had not addressed the *Lusardi* two-step process, most district courts within the Circuit followed *Lusardi*. The *Clark* defendants asked the Sixth Circuit to adopt the Fifth Circuit's approach which rejected *Lusardi* and adopted the approach where district courts were required to "make a 'final' determination of substantial similarity" before facilitating notice. *Swales v. KLLM Transport Services, L.L.C.,* 985 F. 3d 430, 434 (5th Cir. 2021). The Sixth Circuit rejected both approaches.

**Page 3 of 21**
**Michael Montana, et al. v. Prysmian Cables and Systems USA, LLC**
**U.S.D.C. (E.D. Ky.) No. 2:22-cv-143-DLB-EBA**
**Brief in Support of Renewed Motion for Conditional Certification, etc.**

likelihood' that those employees are similarly situated to the plaintiffs themselves." *Clark* at *13. The Sixth Circuit advised: "A district court's determination to facilitate notice in an FLSA suit is analogous to a court's decision whether to grant a preliminary injunction. Both decisions are provisional, in the sense that the court renders a final decision on the underlying issue (whether employees are "similarly situated" here, success on the merits there) only after the record for that issue is fully developed; yet both decisions have immediate consequences for the parties." *Id.* at *11 – 12.  The Sixth Circuit held that a district court should not send notice to current and former employees unless there is a 'strong likelihood' that they are similarly situated. *Clark* at *12. Plaintiffs maintain that this has always been the purpose of requesting court supervision of the notice process pursuant to 29 U.S.C. § 216(b), so the *Clark* decision does not alter the court-supervised notice landscape. Pursuant to the FLSA, a court must issue court-supervised notice brought "by any one or more employees for and on behalf of himself or themselves and other employees similarly situated." 29 U.S.C. § 216(b). Similarly situated employees are permitted to "opt into" an action filed by a co-worker. *See Comer v. Wal-Mart Stores, Inc.*, 454 F.3d 544, 546 (6th Cir. 2006). Plaintiffs are similarly situated "when they suffer from a single, FLSA-violating policy, and when proof of that policy or of conduct in conformity with that policy proves a violation as to all the Plaintiffs." *O'Brien*, 575 F.3d at 585. Showing a "unified policy" of violations is not required. *Id.* at 584. Plaintiffs "need only show that [their] positions [are] similar, not identical to the positions held by the putative class members." *Hawkins v. Extended Life Homecare Ltd.*, No. 2:18-CV-344, 2019 WL 952737, at *2 (S.D. Ohio Feb. 27, 2019) (citing *Lewis v. Huntington Nat'l Bank*, 789 F. Supp. 2d 863, 867-68 (S.D. Ohio 2011)); *see also Comer*, 454 F.3d at 546-547. While

**Page 4 of 21**
**Michael Montana, et al. v. Prysmian Cables and Systems USA, LLC**
**U.S.D.C. (E.D. Ky.) No. 2:22-cv-143-DLB-EBA**
**Brief in Support of Renewed Motion for Conditional Certification, etc.**

generally a plaintiff "must present evidence, such as a sworn allegation, that he or she suffered from the defendant's allegedly illegal policy to become part of the similarly situated FLSA [collective], . . . courts have recognized that the full body of evidence may not be available to named plaintiffs before all putative [collective] members have received notice of the action, and that named plaintiffs often require the court's assistance in sending notice to putative collective members." *Bernal v. TrueBlue, Inc.*, Case No. 1:08-CV-507, 2010 U.S. Dist. LEXIS 49354, at *8 (W.D. Mich. May 19, 2010) (citing *O'Brien*, 575 F.3d at 586).

To assist courts within the Sixth Circuit to determine if employees are similarly situated, the *Clark* court analogized a district court's determination to facilitate notice to the standard for granting a preliminary injunction. *See Clark* at *11-12. Finding that three of the four preliminary injunction prongs were "inapposite," it settled on the fourth prong as guidance. *Id*. at 12. Specifically, the court held that "the plaintiffs must show a 'strong likelihood' that those employees are similarly situated to the plaintiffs themselves." *Id*. This defined standard "requires a showing greater than the one necessary to create a genuine issue of fact, but less than the one necessary to show a preponderance." *Id*. The *Clark* court disagreed with the defendant that a determination on whether other employees are "actually" similarly situated should, or even could, occur in the absence of these employees. *Id.* The majority opinion stressed that the standard is not whether the named plaintiffs would succeed on the merits, only whether the named plaintiffs have a substantial likelihood that they will succeed in demonstrating that the employees they seek to send notice to are similarly situated. *Id*. The court highlighted the fact that while both decisions were "provisional," the difference in the focus of the district court's inquiry

**Page 5 of 21**
**Michael Montana, et al. v. Prysmian Cables and Systems USA, LLC**
**U.S.D.C. (E.D. Ky.) No. 2:22-cv-143-DLB-EBA**
**Brief in Support of Renewed Motion for Conditional Certification, etc.**

between notice pursuant to 29 U.S.C. § 216(b) and a preliminary injunction is that the former focuses on "whether employees are 'similarly situated'" and the latter focuses on "success on the merits." *Id*. In recognizing that difference, the Sixth Circuit upholds the lower court decisions in the Circuit that have held that the court-supervised notice inquiry does not involve questions of success on the merits of the underlying FLSA claims, only success in demonstrating whether the employees are similarly situated to bring those FLSA claims in the complaint as filed.

**B.    Plaintiffs Can Show a 'Strong Likelihood' that the Proposed Potential Plaintiff Employees Are Similarly Situated and Therefore Are Entitled to Notice.**

The definition of "similarly situated" was established by prior Sixth Circuit precedent which the Clark court merely affirmed. The court ruled that "typically, similarly situated plaintiffs 'performed the same tasks and were subject to the same policies—as to both timekeeping and compensation…'" *Clark* at *10-11. The Clark court relied on the *Monroe* and *Pierce v. Wyndham Resorts* 922 F.3d 741 (6th Cir. 2019) opinions to illustrate how the collective should be similarly situated to the Plaintiff. In *Pierce v. Wyndham Resorts*, the Court found that employees were part of the same collective even though they held different job titles at different job locations. The Court reasoned that there were "no meaningful differences between the in-house and front-line salespeople or for that matter between the jobs they performed at the four Tennessee locations." *Pierce*, 922 F.3d 741, 746 (6th Cir. 2019).

In *Monroe v. FTS USA, LLC*, cable technicians sued their employer for failure to pay overtime, even though the technicians worked in different locations. 860 F.3d 389, 402 (6th Cir. 2017). "The Monroe court treated the cable technicians as similarly situated

**Page 6 of 21**
**Michael Montana, et al. v. Prysmian Cables and Systems USA, LLC**
**U.S.D.C. (E.D. Ky.) No. 2:22-cv-143-DLB-EBA**
**Brief in Support of Renewed Motion for Conditional Certification, etc.**

because they did the same job and alleged a single time-shaving policy, even though they worked different amounts of overtime." *Id*. at 404. In the *Monroe* case, the Sixth Circuit held that "the employer could assert any individualized defenses against the testifying employees, which would distribute those individualized defenses across the claims of the entire collective." *Id*. at 404–05. In deciding both the *Pierce* and *Monroe* cases, the Sixth Circuit reasoned that "the Act was meant to allow employees to consolidate related claims alleging a single, illegal policy." *Id*. at 405 (emphasis added).

With the Sixth Circuit's new framework for reviewing potential collective actions pursuant to 29 U.S.C. § 216(b), some Courts in this Circuit held that a Temporary Restraining Order ("TRO") was appropriate to prevent the defendant employer from "soliciting, their current and former hourly, non-exempt employees to sign arbitration agreements" that covered the claims of the employment action proceeding against them. *See, e.g. Gifford v. Norwood Health Grp., LLC.*, 2023 U.S. Dist. LEXIS 87226 (S.D. Ohio 2023). In granting the TRO, the Court found that both the likelihood of success of showing similar claims and the potential for the putative class members to suffer irreparable harm weighed in favor of the plaintiffs such that an injunction was necessary to protect them from the loss of important litigation rights. *Id.* Just as the employees entitled to notice in *Gifford* could have lost important litigation rights in the absence of the TRO, so would the similarly situated plaintiffs in this case if they are not timely notified of their right to join this suit.

Plaintiffs in this case seek an Order for Court Supervised Notice to the Plaintiffs entitled to Notice defined as: "All Hourly Employees since November 22, 2019." The pleadings and exhibits filed in this case contain an abundance of information supporting

**Page 7 of 21**
**Michael Montana, et al. v. Prysmian Cables and Systems USA, LLC**
**U.S.D.C. (E.D. Ky.) No. 2:22-cv-143-DLB-EBA**
**Brief in Support of Renewed Motion for Conditional Certification, etc.**

the conclusion that there is a 'strong likelihood' that Plaintiffs and the proposed potential plaintiff employees are similarly situated and therefore are entitled to notice. Specifically, Plaintiffs and the other proposed potential plaintiff employees are all hourly employees who worked for Defendant, and they were all subjected to the same pay practices and procedures which resulted in the violations of the FLSA alleged by Plaintiffs. Until approximately 2018, Plaintiffs were employed by General Cable Industries, Inc. ("General Cable"). Ex. 6, Declaration of Michael Montana ("Montana Dec."), ¶ 3; Declaration of Kenneth Hendrix ("Hendrix Dec."), ¶ 3. Defendant acquired General Cable during 2018 and maintained continuity of business being provided by General Cable, taking over and offering similar or identical services from the same facilities. Montana Dec. at ¶ 4; Hendrix Dec. at ¶ 4. Defendant is a producer and supplier of various types of cables, wires, optical fibers, and other connectivity systems. Montana Dec. at ¶ 5; Hendrix Dec. at ¶ 5. Defendant operates multiple manufacturing facilities worldwide, including a facility in Arkansas. Montana Dec. at ¶ 6; Hendrix Dec. at ¶ 6. Defendant employed Plaintiff Montana as an Extrusion Operator from approximately February of 2017 until October of 2022. Montana Dec. at ¶ 7. Defendant employed Plaintiff Hendrix as a Machine Operator from approximately February of 1990 until February 2010 and then as a Quality Lab Technician from approximately February 2010 until February 2023. Hendrix Dec. at ¶ 7. Plaintiffs worked at Defendant's manufacturing facility in Paragould, Arkansas. Montana Dec. at ¶ 8; Hendrix Dec. at ¶ 8. Defendant also employed other hourly employees to perform the work necessary for its business, classified them as nonexempt from the overtime requirements of the FLSA, and paid them an hourly wage (hereinafter "Hourly Employees"). Montana Dec. at ¶ 9; Hendrix Dec. at ¶ 9. Plaintiffs estimate that Defendant

Page 8 of 21
Michael Montana, et al. v. Prysmian Cables and Systems USA, LLC
U.S.D.C. (E.D. Ky.) No. 2:22-cv-143-DLB-EBA
Brief in Support of Renewed Motion for Conditional Certification, etc.

employed more than 25 Hourly Employees in the last three years. Montana Dec. at ¶ 28; Hendrix Dec. at ¶ 28. In addition to their hourly wage, Plaintiffs received bonus compensation pursuant to a written plan or a clear policy and/or practice ("incentive bonuses"). Montana Dec. at ¶ 10; Hendrix Dec. at ¶ 10. Other Hourly Employees also earned incentive bonuses. Montana Dec. at ¶ 11; Hendrix Dec. at ¶ 11. The incentive bonuses were based on objective and measurable criteria and Plaintiffs and other Hourly Employees expected to receive the incentive bonuses and did in fact receive the bonuses on a regular basis. Montana Dec. at ¶ 12; Hendrix Dec. at ¶ 12. The incentive bonuses constituted nondiscretionary bonuses paid to Plaintiffs and other Hourly Employees.

Plaintiffs regularly worked over forty hours in a week. Montana Dec. at ¶ 13; Hendrix Dec. at ¶ 13. Other Hourly Employees also regularly or occasionally worked over forty hours per week. Montana Dec. at ¶ 14; Hendrix Dec. at ¶ 14. Defendant paid Plaintiffs and other Hourly Employees 1.5x their base hourly rate for the hours recorded over 40 hours in a week. Montana Dec. at ¶ 15; Hendrix Dec. at ¶ 15. However, Defendant failed to include the incentive bonuses in Plaintiffs' and other Hourly Employees' regular rate when calculating their overtime pay. Montana Dec. at ¶¶ 16, 17; Hendrix Dec. at ¶¶ 16, 17. 29 C.F.R. § 778.208 requires that all forms of compensation, such as production or attendance-based incentives, "must be totaled in with other earnings to determine the regular rate on which overtime pay must be based." As such, Defendant violated the FLSA by not including the non-discretionary bonuses of Plaintiffs and other Hourly Employees in their regular rate when calculating their overtime rate.

Plaintiffs and other Hourly Employees tracked their time via Defendant's electronic timekeeping system. Montana Dec. at ¶ 18; Hendrix Dec. at ¶ 18. The payroll system

Page 9 of 21
Michael Montana, et al. v. Prysmian Cables and Systems USA, LLC
U.S.D.C. (E.D. Ky.) No. 2:22-cv-143-DLB-EBA
Brief in Support of Renewed Motion for Conditional Certification, etc.

used by Defendant rounded hours worked by Plaintiffs and other Hourly Employees in favor of Defendant. Montana Dec. at ¶ 19; Hendrix Dec. at ¶ 19. Specifically, if Plaintiffs or other Hourly Employees clocked in fifteen minutes or fewer before their scheduled shift, their time was rounded to the start of their scheduled shift. Montana Dec. at ¶¶ 20, 22; Hendrix Dec. at ¶¶ 20, 22. Likewise, if Plaintiffs or other Hourly Employees clocked out fifteen minutes or fewer after their scheduled shift, their time was rounded to the end of their scheduled shift. Montana Dec. at ¶¶ 20, 22; Hendrix Dec. at ¶¶ 20, 22. The rounding in Defendant's time keeping system resulted in hours of unpaid work each month for Plaintiffs and other Hourly Employees. Montana Dec. at ¶ 21; Hendrix Dec. at ¶ 21. And when calculating Plaintiffs' and other Hourly Employees' overtime pay, Defendant did not include the unpaid time that was rounded out by Defendant's payroll system. Montana Dec. at ¶ 23; Hendrix Dec. at ¶ 23. Because Plaintiffs and other Hourly Employees regularly worked over forty hours in a week, the hours which went uncompensated due to Defendant's rounding practices created additional overtime violations.

In addition to their hourly wage, Plaintiffs and other Hourly Employees were also paid shift differentials when certain objective and measurable criteria were met. Montana Dec. at ¶¶ 24, 25; Hendrix Dec. at ¶¶ 24, 25. Plaintiffs and other Hourly Employees expected to receive the shift differentials when they met the set criteria, and they did in fact receive the shift differentials on a regular basis. Montana Dec. at ¶ 26; Hendrix Dec. at ¶ 26. Defendant did not include the shift differentials paid to Plaintiffs and other Hourly Employees in their regular rates of pay when calculating their overtime pay. Montana Dec. at ¶ 27; Hendrix Dec. at ¶ 27. Plaintiffs worked for Defendant at its facility in Paragould, Arkansas, and Defendant's pay practices were the same for all Hourly Employees at the

**Page 10 of 21**
**Michael Montana, et al. v. Prysmian Cables and Systems USA, LLC**
**U.S.D.C. (E.D. Ky.) No. 2:22-cv-143-DLB-EBA**
**Brief in Support of Renewed Motion for Conditional Certification, etc.**

Paragould facility. Plaintiff worked alongside Defendant's other Hourly Employees, observed the other Hourly Employees and talked to other Hourly Employees about their work hours and pay, and discussed with them receiving incentive bonuses and shift differentials and about Defendant's rounding practices. *See* Montana Dec.; Hendrix Dec.

Defendant's rounding practices, its policy of failing to include the incentive bonuses and shift differentials in its Hourly Employees' regular rates when calculating their overtime premiums resulted in Defendant's failure to compensate its hourly employees as required by the FLSA. These practices underlie Plaintiffs' allegation that Defendant has violated the overtime wage provisions of the FLSA with respect to Plaintiffs and for all other Hourly Employees for Defendant. Plaintiffs also specifically identified some of the other Hourly Employees they worked with that are or were similarly situated, such as Jesse Whitledge, Thomas Ward, Tina Carbaugh, Micca Taylor, Gary Trout, Joey Moss. As such, Plaintiffs provided ample evidence at this stage showing a 'strong likelihood' that they and the proposed potential Plaintiff employees are similarly situated, and therefore entitled to notice.

## C.    The Court Should Approve and Allow the Distribution of Plaintiffs' Collective Action Notice and Consent to Join.

The form and scope of Plaintiff's proposed notice is appropriate. The notice is "timely, accurate, and informative," and therefore should be approved. *Hoffmann-La Roche, Inc. v. Sperling,* 493 U.S. 165, 172 (1989). The Court should authorize notice to putative collective members at this stage of litigation because it would advance the remedial goals of the FLSA and promote judicial efficiency. In furtherance of the FLSA's "broad remedial" purpose, courts have the authority to notify potential opt-in plaintiffs that they may join an existing action early in the proceedings. *Hoffmann-La Roche, Inc.,* 493

**Page 11 of 21**
**Michael Montana, et al. v. Prysmian Cables and Systems USA, LLC**
**U.S.D.C. (E.D. Ky.) No. 2:22-cv-143-DLB-EBA**
**Brief in Support of Renewed Motion for Conditional Certification, etc.**

U.S. at 173; *see also Tyson Foods, Inc. v. Bouaphakeo*, 136 S.Ct. 1036, 1047 (Mar. 22, 2016); *Hussein v. Capital Bldg. Servs. Grp., Inc.,* 152 F. Supp. 3d 1182, 1190 (D. Minn. 2015). A district court "has broad discretion regarding the 'details' of the notice sent to potential opt-in plaintiffs." *Butler v. DirectSat USA, LLC*, 876 F. Supp. 2d 560, 574 (D. Md. 2012). Notice informs potential plaintiffs "of the facts needed to make an informed decision whether to opt-in." *Fisher v. Michigan Bell Telephone Company*, 665 F. Supp. 2d 819, 829 (E.D. Mich. 2009). While there are no well-defined rules for the form of notice, the general requirement is that the notice must be fair and accurate. *See e.g., id.; Heckler v. DK Funding, LLC*, 502 F. Supp. 2d 777, 780 (N.D. Ill 2007).

Further, courts should exercise their broad discretion to facilitate notice in a way that reaches the largest possible number of potential opt-in plaintiffs. *See Perrin v. Papa John's Int'l, Inc.*, No. 4:09-cv-1335-AGF, 2011 U.S. Dist. LEXIS 117046, at *5 (E.D. Mo. Oct. 11, 2011) ("The better course is to determine what constitutes fair and proper notice based on the facts of each case . . . . At this stage of the litigation, justice is most readily served by notice reaching the largest number of potential plaintiffs." (internal citations and quotation marks omitted)).

The Notice (Ex. 1) and Consent to Join (Ex. 2) proposed by Plaintiffs provide a fair and accurate description of this lawsuit. Plaintiffs request a period of ninety (90) days during which to distribute Notice and file opt-in Plaintiffs' consent forms with the Court. Many potential collective members may have contact information that differs from Defendant's records, and Plaintiffs' counsel will need at least ninety (90) days to locate and effectively send notice to collective members and to provide collective members a meaningful opportunity to join this suit. *See Smith v. Generations Healthcare Servs. LLC*,

**Page 12 of 21**
**Michael Montana, et al. v. Prysmian Cables and Systems USA, LLC**
**U.S.D.C. (E.D. Ky.) No. 2:22-cv-143-DLB-EBA**
**Brief in Support of Renewed Motion for Conditional Certification, etc.**

No. 2:16-CV-807, 2017 U.S. Dist. LEXIS 106583, at *20 (S.D. Ohio July 11, 2017) ("90 days is a standard notice period and fair in this case"); *Staggs et al. v. Fuyao Glass America*, USDC SDOH Case No. 3:17-cv-161, *Butler v. DirectSat USA, LLC*, 876 F. Supp. 2d 560, 575 (D. Md. 2012); *see also Shoults v. G4s Secure Sols. (USA) Inc.*, No. CV-19-02408-PHX-GMS, 2020 U.S. Dist. LEXIS 136147, at *12 (D. Ariz. July 31, 2020) (same); *Casarez v. Producers Serv. Corp.*, No. 2:17-cv-1086, 2018 U.S. Dist. LEXIS 88370, at *24 (S.D. Ohio May 25, 2018).

Plaintiffs request that they be permitted to provide putative collective members with notice via U.S. mail and email. Electronic communication in the form of email is a common, appropriate and efficient manner of communicating with plaintiffs and putative collective members and is generally used in conjunction with traditional mailing. *Butler*, 876 F. Supp. 2d at 575 ("With regard to [plaintiff's request to use] email to notify potential plaintiffs of this litigation, communication through email is now the norm.") (internal editing and quotation marks omitted).[2] Indeed, service by both mail and email works to advance the remedial goals of the FLSA because it increases the likelihood that all potential opt-in plaintiffs will receive notice. *Atkinson v. TeleTechHoldings, Inc.*, No. 3:14-cv-253, 2015 U.S Dist. LEXIS 23630, *12 (S.D. Ohio Feb. 26, 2015). In some cases, Courts have

---

[2]     *See also* Order at 11, *Gronefeld v. Integrated Prod. Servs., Inc.*, 5:16-cv-55 (W.D. Tex. April 26, 2016), ECF No. 21 ("Email is not the wave of the future; [it] is the wave of the last decade and a half."); Order at 13, 16, *Cummings v. Bost, Inc.*, No. 2:14-cv-2090-PKH (W.D. Ark. April 13, 2015), ECF No. 60 (citing *Davenport v. Charter Comms. LLC*, 2014 WL 2993739, *9 (E.D. Mo. July 3, 2014)); *Margulies v. Tri-County Metro. Transp. Dist. of Or.*, No. 3:13-cv-00475-PK, 2013 U.S. Dist. LEXIS 146484, at *59–61 (D. Or. Oct. 10, 2013) (citing *Alequin v. Darden Rests., Inc.*, No. 12-61742-CIV, 2013 U.S. Dist. LEXIS 108341, 2013 WL 3945919, at *2 (S.D. Fla. July 31, 2013)); *Ritz v. Mike Rory Corp.*, No. 12 CV 367 (JBW)(RML), 2013 U.S Dist. LEXIS 61634, 2013 WL 1799974, at *5 (E.D.N.Y. Apr. 30, 2013); *Rehberg v. Flowers Foods, Inc.*, No. 3;12cv596, 2013 U.S. Dist. LEXIS 40337, 2013 WL 1190290, at *3 (W.D.N.C. Mar. 22, 2013); *Jones v. JGC Dall. LLC*, No. 3:11-CV-2743-O, 2012 U.S. Dist. LEXIS 185042, at *18–19 n.9 (N.D. Tex. Nov. 29, 2012) (collecting cases).

**Page 13 of 21**
**Michael Montana, et al. v. Prysmian Cables and Systems USA, LLC**
**U.S.D.C. (E.D. Ky.) No. 2:22-cv-143-DLB-EBA**
**Brief in Support of Renewed Motion for Conditional Certification, etc.**

endorsed notice via three or more methods at once. In *Irvine v. Destination Wild Dunes Mgmt.*, the Court reasoned as follows:

> The request that notice be distributed via direct mail, email and text messaging appears eminently reasonable to the Court. This has become a much more mobile society with one's email address and cell phone number serving as the most consistent and reliable method of communication. Political candidates now routinely seek out their supporters' cell phone numbers and email addresses because traditional methods of communication via regular mail and land line telephone numbers quickly become obsolete.

132 F. Supp. 3d 707, 711 (D.S.C. 2015).

To facilitate notice via electronic mail, this Court should approve of Plaintiffs' proposed procedure for disseminating notice by email, which is simple and easy for the Court to monitor. An electronic version of the Notice is filed herewith as Exhibit 3. This Court should approve of the language that Plaintiffs intend to use in the body of the email containing the Notice and the link to the Consent to Join, as reflected in Exhibit 3. Plaintiffs' counsel's email includes a link to www.PandaDoc.com or an equivalent online signature service,[3] where the recipient can access an electronic version of the Consent to Join and gives instructions for signing the Consent electronically to avoid some minor but common mistakes. *See* Exhibit 5, Declaration of Josh Sanford (hereinafter "Sanford Decl.") ¶¶ 21–26.

From the website, collective members may print the Notice or read it in electronic form. Putative collective members who wish to join the lawsuit can then choose to print,

---

[3]     More information about PandaDoc is available at https://www.pandadoc.com/. Many courts have already approved of the use of electronic signatures generally. *See Dyson v. Stuart Petroleum Testers, Inc.*, 308 F.R.D. 510, 518 (W.D. Tex. 2015); *White v. Integrated Elec. Techs., Inc.*, No. 11-2186, 2013 U.S. Dist. LEXIS 83298, at *39 (E.D. La. June 13, 2013); *Jones v. JGC Dall. LLC*, Civil Action No. 3:11-CV-2743-O, 2012 U.S. Dist. LEXIS 185042, at *18 (N.D. Tex. Nov. 29, 2012).

**Page 14 of 21**
**Michael Montana, et al. v. Prysmian Cables and Systems USA, LLC**
**U.S.D.C. (E.D. Ky.) No. 2:22-cv-143-DLB-EBA**
**Brief in Support of Renewed Motion for Conditional Certification, etc.**

sign and return a paper copy of the Consent to Join form or electronically sign the Consent to Join form using the PandaDoc.com service. This is similar to the process used in *Dempsey v. Jason's Premier Pumping Servs., LLC*, No.15-cv-703-CMA-NYW, 2015 U.S. Dist. LEXIS 187322, at *4–5 (D. Colo. Nov. 11, 2015). *See also* Order, *Bradley v. Crittenden County., Ark.*, No. 3:18-cv-29-DPM (E.D. Ark. Nov. 5, 2018), ECF No. 51.

Finally, Plaintiffs request that the Court allow Plaintiffs' counsel to send a follow-up Postcard via regular U.S. Mail (Ex. 4) and a follow-up email (Ex. 3) to any collective members who have not responded thirty (30) days after the mailing of the initial Notice. In light of Plaintiffs' counsel's experience and knowledge of mail delivery problems from other collective action FLSA cases, this Postcard would provide a fair and equitable solution to ensure that all members of the proposed collective who want to join the lawsuit are able to, and this would not cause unfair prejudice to Defendant. *See* Sanford Decl. ¶ 16.

Mail delivery problems are unavoidable in collective actions. *See* Sanford Decl. ¶¶ 5–14. In counsel's experience, mail delivery problems have actually prevented some members of a putative collective from joining collective actions when they in fact wanted to join. *See id*. Notices sent by the Sanford Law Firm have been lost, even when the addresses were correct. *See id*. ¶ 6. Not only are notices lost going to putative collective members, but consent forms have also been lost after having been signed and mailed back to the Sanford Law Firm. *See id*. ¶¶ 7–9. In other cases, Plaintiff's counsel has received several telephone calls from recipients of postcards who did not receive the original notice. *See id*. ¶ 11. Plaintiff's counsel has also received undeliverable envelopes as much as 1,010 days after their original mailing. *Id*. ¶ 13. Allowing Plaintiff's

**Page 15 of 21**
**Michael Montana, et al. v. Prysmian Cables and Systems USA, LLC**
**U.S.D.C. (E.D. Ky.) No. 2:22-cv-143-DLB-EBA**
**Brief in Support of Renewed Motion for Conditional Certification, etc.**

counsel to send the Follow-Up Postcard to any collective members who have not responded within thirty (30) days after the mailing of the initial Notice would provide a fair and equitable solution to ensure that all members of the collective who want to join the lawsuit are able to. *See id*. ¶ 16.

Courts have routinely approved the sending of follow-up postcard reminders by mail and email. Such follow-up reminders contribute to dissemination among similarly situated employees and serve what the Supreme Court in *Hoffmann-La Roche* recognized as section 216(b)'s "legitimate goal of avoiding a multiplicity of duplicative suits and setting cutoff dates to expedite disposition of the action." 493 U.S. at 172. The reminder also serves the purpose "to inform as many potential plaintiffs as possible of the collective action and their right to opt-in." *Chhab v. Darden Rests., Inc.*, No. 11 Civ. 8345 (NRB), 2013 U.S. Dist. LEXIS 135926, at *51 (S.D.N.Y. Sept. 20, 2013). Accordingly, courts around the country, have recognized the usefulness of a reminder notice. *See, e.g.*, *Harger v. Fairway Mgmt.*, No.2:15-cv-04232-NKL, 2016 U.S. Dist. LEXIS 74373, *12 (W.D. Mo. June 8, 2016); *Woods v. Caremark PHC, LLC*, No. 4:14-cv-583-SRB, 2016 U.S. Dist. LEXIS 138021, *12 (W.D. Mo. Aug. 2, 2016); *Davis v. Bd. Of Trs. Of N. Kan. City Hosp.*, No.14-06250-cv-W-ODS, 2015 U.S. Dist. LEXIS 94325, *5–6 (W.D. Mo. July 21, 2015); *Ortiz-Alvarado v. Gomez*, No. 14-209 (MJD/SER), 2014 U.S. Dist. LEXIS 112036, *15–16 (D. Minn. Aug. 13, 2014). The reminder postcard and reminder email are similarly appropriate here. The language of and distribution plan for Plaintiffs' proposed reminder Postcard should be approved.

**Page 16 of 21**
**Michael Montana, et al. v. Prysmian Cables and Systems USA, LLC**
**U.S.D.C. (E.D. Ky.) No. 2:22-cv-143-DLB-EBA**
**Brief in Support of Renewed Motion for Conditional Certification, etc.**

**D.    The Court Should Order Defendant to Provide the Names and Last Known Home, Work, and Email Addresses of Potential Opt-in Plaintiffs in an Appropriate Importable Electronic Format.**

To facilitate the sending of the Notice and Consent forms, Plaintiffs ask this Court for an Order directing Defendant to disclose, within one week of this Court's Order granting collective action certification, all contact information for those who meet the definition of the proposed collective in a useful format such as an Excel spreadsheet. If not via an Excel spreadsheet, the information should be in some other importable and malleable electronic format. The information includes but is not limited to (1) the names of each and every potential plaintiff employed by Defendant any time after November 22, 2019, including any known aliases they may have gone by or go by now; (2) the last known mailing addresses of the employee for the same time period; and (3) any and all email addresses and phone numbers.

In *Hoffman-La Roche*, the Supreme Court held that it was appropriate for the district court to permit disclosure of the names and addresses of possible opt-in plaintiffs. 493 U.S. at 170. Trial courts routinely order disclosure of the names and addresses of potential opt-in plaintiffs in conjunction with authorizing notice. *Id*. Accordingly, Plaintiffs ask that the Court order Defendant to produce the requested information no later than one week after the date of the entry of the Order granting the current Motion.

**E.    The Court Should Grant Equitable Tolling.**

Further, this Court should grant equitable tolling in this case relating back to the date the Motion for Court Supervised Notice was filed, March 20, 2023. While Judge Kethledge in *Clark* did not specifically address tolling, he did note that district courts should expedite their decision on the notice issue given the FLSA's statute of limitations,

**Page 17 of 21**
**Michael Montana, et al. v. Prysmian Cables and Systems USA, LLC**
**U.S.D.C. (E.D. Ky.) No. 2:22-cv-143-DLB-EBA**
**Brief in Support of Renewed Motion for Conditional Certification, etc.**

and the majority of the panel in their concurrences specifically addressed equitable tolling.[4] *Clark*, 2023 U.S. App. LEXIS 12365 at *13. As noted, tolling in this context should be recognized by analogy to class actions. When a class is certified, the class members' claims are deemed to relate back to the date of filing of the class action complaint. Indeed, Judge Bush wrote that "equitable tolling should be made available to plaintiffs in collective actions," stating that district courts should exercise their "traditional equitable power" and relate back to the date relevant to the case filings. *Id*. at 19 (citing *Am. Pipe &amp; Constr. Co. v. Utah*, 414 U.S. 528, 550 (1974)). Furthermore, the Parties had already agreed to tolling up until the Sixth Circuit issued its decision in *Clark*. *See* the Parties' Joint Motion to Stay Briefing on Plaintiffs' Motion for Conditional Certification, ECF No. 25.

### III. EXPEDITED REVIEW REQUIRED

Plaintiffs further request expedited consideration of their motion and expedited production of information for notice. Plaintiffs in collective actions are entitled to such treatment. *Adams*, 2017 U.S. Dist. LEXIS 177470 at *3. "Sending notice to potential class members early in a case facilitates the broad remedial purpose of the FLSA and promotes efficient case management." *Boudreaux v. Schlumberger Tech. Corp.*, 2015 U.S. Dist. LEXIS 22870 (W.D. La. February 25, 2015); *see also Garner v. G.D. Searle Pharmaceuticals & Co.*, 802 F.Supp. 418 (M.D. Ala. Oct. 30, 1981) (citing *Hoffman-La Roche*, 493 U.S. at 173). In FLSA collective actions—unlike Rule 23 class actions—the statute of limitations for the FLSA claims of potential opt-in Plaintiff is *not tolled* by a

---

[4] A majority of the Clark v A&L Homecare court strongly endorsed the equitable tolling of statute of limitations. Judge John K. Bush opened his concurrence, "I fully join the majority opinion but write separately because equitable tolling should be made available to plaintiffs in collective actions under the Fair Labor Standard Act (FLSA), 29 U.S.C. § 201 et seq." *Clark v. A&L Homecare & Training Ctr., LLC*, No. 22-3101/3102, 2023 U.S. App. LEXIS 12365, at *17 (6th Cir. May 19, 2023). Judge White joined the concurrence.

**Page 18 of 21**
**Michael Montana, et al. v. Prysmian Cables and Systems USA, LLC**
**U.S.D.C. (E.D. Ky.) No. 2:22-cv-143-DLB-EBA**
**Brief in Support of Renewed Motion for Conditional Certification, etc.**

plaintiff's initial filing of the complaint absent a Court order. 29 U.S.C. § 256(b). Thus, delay in disseminating notice to potential Plaintiffs can prejudice their rights. *See Gortat v. Capala Bros., Inc.*, No. 07-cv-3629, 2010 WL 1423018, at *9 (E.D.N.Y. Apr. 9, 2010) ("Because the statute of limitations for FLSA claims continues to run for each individual plaintiff until he or she opts in . . . early certification and notice are favored in order to protect Plaintiff's rights."); *accord Floyd v. Lowe's Companies, Inc.*, No. 2:04-cv-774, 2005 WL 6742234, at *3-4 (S.D. Ohio May 11, 2005) (Because the "statute of limitations period continues to run against each potential class member . . . it is *widely accepted* that, at the notice stage . . . the plaintiff's burden . . . is *extremely light.*") (emphasis added). Accordingly, Plaintiffs ask the Court to adopt the following deadlines and notice plan:

| DEADLINE | DESCRIPTION OF DEADLINE |
|---|---|
| **7 Days After Order Approving Notice** | Defendant to produce the names, last known addresses, e-mail addresses, and phone numbers of the collective members in a usable electronic format. |
| **14 Days After Order Approving Notice** | Plaintiffs' Counsel to send by U.S. Mail and email message a copy of the Court-approved Notice and Consent Form to the collective members. |
| **90 Days After Mailing of Notice** | The collective members shall have 90 days to return their signed *Consent* forms for filing with the Court. |
| **30 Days After Mailing of Notice** | Plaintiffs' Counsel is authorized to send a follow-up Postcard by U.S. Mail and e-mail to those collective members who did not respond to the initial notice. |

## IV.   CONCLUSION

The pleadings and exhibits filed in this case contain an abundance of information supporting the conclusion that here is a 'strong likelihood' that Plaintiffs and the proposed

**Page 19 of 21**
**Michael Montana, et al. v. Prysmian Cables and Systems USA, LLC**
**U.S.D.C. (E.D. Ky.) No. 2:22-cv-143-DLB-EBA**
**Brief in Support of Renewed Motion for Conditional Certification, etc.**

potential plaintiff employees are similarly situated and therefore are entitled to notice. As Hourly Employees for Defendant, Plaintiffs and putative collective members were uniformly subject to the same policies of Defendant that led to the violations of the FLSA alleged herein. For these reasons, Plaintiffs respectfully request that this Court certify the collective as described above. As such, Plaintiffs' Motion seeking approval and distribution of a notice to potential plaintiffs and for disclosure of contact information for such purposes should be granted.

Plaintiffs further respectfully request that this Court: (1) order Defendant to produce the contact information of those putative collective members, no later than one week after the date of the entry of the Order granting the current motion; (2) approve the form of the Notice, Consent to Join and Postcard filed herewith; (3) approve the distribution of the Notice, Consent, and Postcard through both U.S. mail and email; and (4) grant counsel a period of ninety (90) days, to begin seven days from the date Defendant fully and completely releases the potential collective members' contact information during which to distribute the Notice and to file Consent forms.

Respectfully submitted,

**MICHAEL MONTANA and KENNETH HENDRIX, Each Individually and on Behalf of All Others Similarly Situated, PLAINTIFFS**

CRAIG HENRY PLC
401 West Main Street, Suite 1900
Louisville, Kentucky 40202
Telephone: (502) 614-5962

*/s/ Michele Henry*
Michele Henry
Ky. Bar No. 89199
mhenry@craighenrylaw.com

**Page 20 of 21**
**Michael Montana, et al. v. Prysmian Cables and Systems USA, LLC**
**U.S.D.C. (E.D. Ky.) No. 2:22-cv-143-DLB-EBA**
**Brief in Support of Renewed Motion for Conditional Certification, etc.**

SANFORD LAW FIRM, PLLC
Kirkpatrick Plaza
10800 Financial Centre Pkwy, Suite 510
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040

*/s/ Josh Sanford*
Josh Sanford
Ark Bar No. 2001037
josh@sanfordlawfirm.com

**Page 21 of 21**
**Michael Montana, et al. v. Prysmian Cables and Systems USA, LLC**
**U.S.D.C. (E.D. Ky.) No. 2:22-cv-143-DLB-EBA**
**Brief in Support of Renewed Motion for Conditional Certification, etc.**